UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANA LYNN SARGENT,<br><br>        Plaintiff,<br><br>  v.<br><br>THE STATE OF WASHINGTON,<br>LISA GILMAN, in her official and<br>personal capacity,<br><br>        Defendant. | CASE NO. 3:18-cv-05119-RBL<br><br>ORDER ON MOTION FOR<br>RECONSIDERATION<br><br>DKT. #51 |

THIS MATTER is before the Court on Plaintiff Dana Lynn Sargent's Motion for

Reconsideration [Dkt. #51] of the Court's Order Denying Sargent's Motion for Rule 56(d)

Continuance [Dkt. #49]. The Court denied Sargent's motion on multiple grounds. First, the Court

noted that Sargent propounded no discovery between the time she filed the case in January 2018

and when the State filed its Motion for Summary Judgment in September 2018. The Court also

denied Sargent's Motion because of her inability to specifically identify information that would

vindicate her claims or provide reasons why such information would be likely to exist. *See VISA*

*Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir.1986). Instead,

Sargent basically listed out the conclusory elements of her malicious prosecution claim that she

1 for some reason believed the Defendants would just admit to during a deposition. Sargent now

2 contests the Court's conclusions and provides a few new pieces of information.

3      Sargent challenges the Court's denial of her Motion for Rule 56(d) Continuance. First,

4 Sargent states that the Court was "incorrect" in its determination that Sargent failed to pursue

5 discovery during the nine months before the State filed its Motion for Summary Judgment.

6 However, the timeline that Sargent goes on to present does not back up her claim. Apparently,

7 Sargent's former counsel "began preparation of discovery requests" but never actually served

8 anything. The first paper discovery that Sargent propounded on the State was a set of

9 interrogatories and requests for production on November 2, 2018. Sargent then scheduled four

10 depositions to take place in January and February.

11      Second, Sargent contends that she will remedy the defects in her case through these

12 depositions. First, Sargent contends she will show malice by asking "why [Ms. Gilman] filed an

13 Affidavit of Probable Cause in which she claimed Ms. Sargent engaged in wage and tax fraud

14 when it was clear from the witness interviews conducted by Ms. Gilman that Ms. Sargent acted

15 only at the direction of Sam Adams." Dkt. #51, at 7. She will also ask Ms. Gilman "whether and

16 why she fostered malice toward Ms. Sargent or a reckless disregard of Ms. Sargent's

17 constitutional rights." *Id*. Sargent also argues that the depositions will yield evidence regarding

18 prosecutorial independence. "Mr. Marlow and Ms. Gilman will be asked details of how they

19 collaborated in the drafting of the Affidavit of Probable Cause filed by Ms. Gilman." *Id*. Sargent

20 also casually asserts, in contradiction of the Court's prior Order, that "there was no probable

21 cause." *Id*. at 6.

22      In response, the State provides a detailed timeline demonstrating Sargent's lack of

23 diligence in pursuing discovery. First, the State points out that Sargent's current counsel, Susan

24

1 | Mindenbergs, has been lead counsel in the case since at least October 2017. Second, in

2 | contradiction to Sargent's claim, the State did serve interrogatories on May 4, 2018, which

3 | Sargent responded to after an extension. The State served a second set of discovery on July 5,

4 | 2018. Third, in a follow-up email after noting Sargent's deposition, the State inquired about who

5 | Sargent intended to depose. They received no response. Finally, the State also points out that

6 | Sargent did not finally propound discovery until November, a month after the State's Motion for

7 | Summary Judgment had been noted for hearing.

8 | The State also argues that Sargent has not identified specific information that she wishes

9 | to elicit at deposition. In fact, the responses that she hopes for would contradict the witnesses'

10 | consistent representations regarding malice and probable cause in their declarations. *See* Dkt.

11 | #23; Dkt. #24. The State also points out that Sargent identifies no information that would save

12 | her false imprisonment and outrage claims and fails to explain how the information she seeks

13 | would overcome the presumption of prosecutorial independence. Finally, the State emphasizes

14 | that Sargent has provided no reason to believe that the admissions she seeks are forthcoming.

15 | Sargent herself actually admitted as much at her own deposition. *See* Thomsen Decl., Ex. 9

16 | (deposition excerpt showing Sargent responding with "I wouldn't know" when asked about why

17 | the same witnesses she now intends to depose would have ill will or hatred toward her).

18 | Pursuant to Local Rule 7(h)(1), motions for reconsideration are disfavored, and will

19 | ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or

20 | legal authority which could not have been brought to the attention of the court earlier, through

21 | reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and

22 | that amounts to a complete disregard of the controlling law or the credible evidence in the

23 | record." Black's Law Dictionary 622 (9th ed. 2009).

24 |

1     Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of

2  finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

3  877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly

4  unusual circumstances, unless the district court is presented with newly discovered evidence,

5  committed clear error, or if there is an intervening change in the controlling law." *Marlyn*

6  *Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither

7  the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for

8  reconsideration, is intended to provide litigants with a second bite at the apple. A motion for

9  reconsideration should not be used to ask a court to rethink what the court had already thought

10  through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D.

11  Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for

12  reconsideration, and reconsideration may not be based on evidence and legal arguments that

13  could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT &*

14  *T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is

15  committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands*

16  *of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

17     Here, Sargent's Motion for Reconsideration boils down to disagreement and

18  disappointment with the Court's prior Order. However, as the State correctly argues, the Court

19  was well within its discretion in denying Sargent's request for a continuance. The Court made no

20  error in its determination that Sargent had not propounded discovery during the nine months

21  preceding the State's Motion, and in fact Sargent ultimately went ten months without serving

22  discovery. Other courts have denied requests for 56(d) continuance under similar circumstances.

23  *See, e.g., Martinez v. Columbia Sportswear USA Corp.*, 553 F. App'x 760, 761 (9th Cir. 2014)

24

1 (plaintiff failed to pursue basic discovery for nine months); *Elmi v. SSA Marine, Inc.*, No. C13-

2 1703-JCC, 2014 WL 2434182, at *3 (W.D. Wash. May 29, 2014) (plaintiff failed to pursue

3 discovery for eight months).

4       In addition, Sargent has not identified specific information that she is likely to actually

5 elicit at deposition. She has not provided any reason to believe that the witnesses she wants to

6 depose will contradict their prior statements regarding malice. *See Klopman-Baerselman for*

7 *Estate of Klopman-Baerselman v. Air & Liquid Sys. Corp.*, No. 3:18-CV-05536-RJB, 2018 WL

8 5295802, at *4 (W.D. Wash. Oct. 25, 2018) (denying plaintiff's motion for continuance where

9 plaintiff failed to explain how deposing a witness would yield information different from their

10 declaration). Furthermore, Sargent has not explained how deposing any of the witnesses will

11 address the fact that Gilman and Marlow had access to the same documents supporting the

12 affidavit of probable cause, making prosecutorial independence difficult to contest. Sargent

13 suggests no basis to believe that Gilman fabricated or omitted documents, making her proposed

14 depositions look a lot like fishing expeditions. *See Martinez*, 553 F. App'x at 762. In short,

15 Sargent has failed to clear the high bar for reconsideration.

16 **CONCLUSION**

17       For the above reasons, Sargent's Motion for Reconsideration [Dkt. #51] is DENIED.

18       IT IS SO ORDERED.

19       Dated this 6th day of February, 2019.

20

21                                      Ronald B. Leighton
United States District Judge

22

23

24